```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                     DISTRICT OF VERMONT
```

Jason L. Wimble,                       :
        Plaintiff,                     :
                                       :
    v.                                 :   File No. 1:05-CV-156
                                       :
Paul Cotton, Lynn Hayward,             :
Barbara Stoodley, Merideth LNU,        :
        Defendants.                    :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Papers 3, 20 and 25)

Plaintiff Jason Wimble, a Vermont inmate proceeding *pro se* and *in forma pauperis*, brings this action claiming that he has not been provided adequate psychiatric care while in prison. For relief, Wimble seeks a transfer to a prison unit that will allow him access to mental health treatment. The defendants contend that they have no power to effect such a transfer, and have moved to dismiss for failure to join a necessary party. The defendants also claim that Wimble has failed to exhaust his administrative remedies, and that his recent transfer to a different prison renders his claims moot. For the reasons set forth below, the motion to dismiss should be GRANTED to the extent that Wimble must amend his complaint to join necessary parties. The motion should otherwise be DENIED.

## Factual Background

In his complaint, Wimble states that he has been "sitting in the Alpha Unit of Springfield Jail for 5 months.  I have had no current Drs keeping me in this seg unit.  I have been mistreated with no actual psychiatric counseling."  (Paper 5 at 3-4).  Wimble also claims that defendant Lynn Hayward has refused to allow him to return to the mental health unit, known as the "Bravo Unit," because she is afraid of him.  For relief, Wimble requests a transfer to the Bravo Unit, money damages, Hayward's removal from her job, and placement on community release.

Defendant Paul Cotton, M.D. has moved to dismiss on several grounds, including the fact that Wimble does not blame any "doctors" for his placement in the Alpha Unit. In support of his motion, Cotton has submitted an affidavit in which he states that he has no power to move an inmate to the Bravo Unit.  This power, Cotton explains, is strictly within the purview of the Department of Corrections ("DOC").  Similarly, Wimble's request for release from prison is "a decision made by the Parole Board and, presumably, the Department of

Corrections." (Paper 20 at 2). Cotton therefore argues for dismissal of the case due to Wimble's failure to join the DOC as a necessary party. Cotton also contends that the complaint should be dismissed for failure to exhaust the prison grievance procedure, and that the complaint is moot because Wimble is currently in "the general population in the Northern State Correctional Facility in Newport, Vermont." (Paper 20 at 3). Defendants Hayward and Stoodly have joined Cotton's motion. (Paper 25).

In response to the defendants' motion to dismiss, Wimble states that he was denied health care because he "blacked out" as a result of medication provided to him by the mental health team, and because he threatened a staff member. (Paper 26). Wimble also alleges that he was in a closed custody unit because the mental health team had labeled him as a dangerous person, "but yet they (the mental helth [sic] team), would not again put me on any medications that would help me or give me treatment." Id. (parenthetical in original).

## Discussion

I. <u>Motion to Dismiss Standard</u>

On a motion to dismiss, "a court has to consider the

legal sufficiency of the claim as stated in the complaint and is not to weigh facts underlying the claim or the merits of the case." Esden v. Bank of Boston, 5 F. Supp. 2d 214, 216 (D. Vt. 1998) (citing Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985)). "In ruling on such a motion, the court must look only to the allegations in the complaint and any documents attached to or incorporated by reference in the complaint." Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999). Morever, the court must assume all well-pleaded factual allegations to be true and draw reasonable inferences in the light most favorable to the plaintiff. See Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is impermissible unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Flores v. S. Peru Copper Corp., 343 F.3d 140, 148 (2d Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

II.  Failure to Join Necessary Parties

Fed. R. Civ. P. 19 sets forth a two-step test for

determining whether the court must dismiss an action for failure to join an indispensable party. See Viacom Intern., Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000). "First, the court must determine whether an absent party belongs in the suit, *i.e.*, whether the party qualifies as a 'necessary' party under Rule 19(a)." Id. (citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 124 (1968)). Rule 19(a) provides that the absent party should be joined, if feasible, where:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). If a party is determined to be necessary, the court must then determine if joinder is feasible. See Viacom Intern. Inc., 212 F.3d at 725. "Upon finding that a person is necessary to an action and can and should be joined, federal courts have generally been reluctant to grant motions to dismiss . . . on the

grounds of nonjoinder.  Instead, the court will order the absent party to be joined." Ware v. City of Buffalo, 2001 WL 1806851 at *4 (W.D.N.Y. June 26, 2001).

The defendants argue that they are not able to provide Wimble with the relief he has requested, and that the DOC is a necessary party.  The defendants also argue that they have been "impaired" by Wimble's suit, since they "must all defend themselves in a lawsuit in which they and the court are powerless to give the plaintiff the relief for which he asks.  The remedy is dismissal of these mental health Defendants."  (Paper 20 at 3).

With respect to the first inquiry under Rule 19, it is clear that one or more individuals at the DOC are a necessary parties in this case.  Although Wimble is seeking damages, he has also requested substantial injunctive relief which, at appears, can only be carried out by the DOC.  See Peregrine Myanmer Ltd. v. Segal, 89 F.3d 41, 48 (2d Cir. 1996) (an absent party is considered necessary if the court's judgment would require the absent party to do something or change its position). As discussed above, dismissal is not the appropriate remedy if joinder of the necessary party is feasible.  In

6

this case, Wimble can simply amend his complaint to add the responsible persons in the DOC as defendants.  Also, that fact that Wimble is seeking damages means that the Court may order the current defendants to provide him his requested relief.  Dismissal of the defendants under Rule 19 is, therefore, not warranted at this time.[1]

III.   Failure to Exhaust Administrative Remedies

The defendants next argue that Wimble failed to exhaust the prison grievance procedure.  The Second Circuit considers the failure to exhaust administrative remedies an affirmative defense.  See Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004); Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999).  Consequently, most district courts in this Circuit have concluded that the defendant bears the burden of proving the plaintiff's failure to comply with the exhaustion requirement.  See, e.g., Ruocco v. Tung, 2004 WL 721716, at *5 (D. Conn. March 30, 2004); Reyes v. Punzal, 206 F. Supp. 2d 431, 433 (W.D.N.Y. 2002); Hallett v. New York State Dep't of Correctional Serv., 109 F. Supp. 2d 190, 196-97 (S.D.N.Y. 2000).  Courts have also determined that, when failure to

---

[1]   When a plaintiff violates Rule 19 and dismissal is appropriate, the case is dismissed pursuant to Rule 12(b)(7).

exhaust is not readily apparent from the complaint, the defendant's evidence should be submitted in a motion for summary judgment.  See Scott v. Gardner, 287 F. Supp. 2d 477, 485 (S.D.N.Y. 2003); McCoy v. Goord, 255 F. Supp. 2d 233, 249 (S.D.N.Y. 2003); Rivera v. Goord, 2004 WL 2151089, at *4 (W.D.N.Y. Sept. 22, 2004).

In his complaint, Wimble claims that "[g]rievances in this manner are as filed . . . pursuant [to] Directive 320.01."  The defendants have responded with an affidavit from their attorney in which he states that he reviewed DOC records and did not find any grievances "on any of the issues brought into question by Mr. Wimble's current lawsuit."  (Paper 22-1 at 1).  As discussed above, this affidavit, or preferably an affidavit from DOC personnel who can authenticate the records, should be submitted in a motion for summary judgment.  Furthermore, as the record currently stands, there appears to be a factual dispute as to whether Wimble has filed the necessary grievances.  I therefore recommend that the motion to dismiss for lack of exhaustion be DENIED.  See Perkins v. Obey, 2005 WL 433580, at *4 (S.D.N.Y. Feb. 23, 2005) (record not sufficiently developed to resolve factual

dispute on exhaustion issue).

IV.  Mootness

Cotton's affidavit states that Wimble is no longer confined in the Alpha Unit in Springfield, and that he has been transferred to the Northern State Correctional Facility in Newport, Vermont.  Accordingly, Cotton argues that Wimble's request for a transfer to the Bravo Unit in Springfield is moot.  In a motion to dismiss, a court may consider the contents of any documents attached to the complaint, incorporated by reference, or relied on in drafting the complaint.  Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).  A court may also consider matters of which judicial notice may be taken. Brass v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).  Cotton's affidavit is not a part of the complaint and does not contain facts that may be judicially noticed.  Nor has Wimble admitted that he is currently incarcerated in Newport.  Therefore, the mootness issue should not be addressed at this time.

V.  Motion for Appointment of Counsel

Wimble has moved the court to appoint him counsel. (Paper 3).  When considering a motion for appointment of

9

counsel, a court must assess whether the plaintiff's claims are likely to be of substance.  See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  If the court finds sufficient merit in the plaintiff's claims, it must also consider (1) his ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) the plaintiff's ability to present the case; (4) the complexity of the legal issues; and (5) any other special reason in the case why appointment of counsel would be more likely to lead to a just determination.  Hendricks, 114 F.3d at 392.  Courts must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  Cooper, 877 F.2d at 172.  Accordingly, "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  Carmona v. United States

Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Here, the merits of Wimble's claims are not clear. If, as the defendants claim, lack of exhaustion and mootness each present a bar, the Court will not reach the substantive merits. Furthermore, it is not clear that the current defendants had the power to provide Wimble with access to mental health care. Even assuming, *arguendo*, that this case is likely to have merit, the facts should not require extensive investigation since Wimble's claims are based primarily upon his own experiences. For these reasons, the motion for appointment of counsel (Paper 3) is DENIED.

## Conclusion

For the reasons set forth above, the defendants' motion to dismiss (Papers 20 and 25) should be GRANTED in part. If the Court accepts this Report and Recommendation, Wimble should be allowed 20 days to amend his complaint so that it includes DOC defendants who (1) have allegedly deprived him of his constitutional rights

11

and (2) can effect the injunctive relief he requests. The Court should also inform Wimble that a failure to so amend his complaint may result in the dismissal of his claims. The motion to dismiss should be otherwise DENIED. Wimble's motion for appointment of counsel (Paper 3) is DENIED.

   Dated at Burlington, in the District of Vermont, this 12th day of January, 2006.

                              /S/ Jerome J. Niedermeier
                              Jerome J. Niedermeier
                              United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).