UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Jason L. Wimble, | : |
|     Plaintiff, | : |
| | : |
|   v. | :    File No. 1:05-CV-156 |
| | : |
| Paul Cotton, Lynn Hayward, | : |
| Barbara Stoodley, Merideth LNU, | : |
|     Defendants. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 29)

Plaintiff Jason Wimble, a Vermont inmate proceeding *pro se* and *in forma pauperis*, brings this action claiming that he has not been provided adequate psychiatric care while in prison. For relief, Wimble asks for damages, a transfer to a prison unit that will allow him access to mental health treatment, and other injunctive relief. In a prior order, the Court found that the named defendants could not provide the injunctive relief requested in the complaint, and required Wimble to join the Department of Corrections ("DOC") and/or its relevant employees as necessary parties. Wimble has failed to amend his complaint to add any such parties. Currently pending before the Court is the defendants' motion to dismiss based upon Wimble's failure to amend his complaint (Paper 29). For the reasons set forth below, I recommend that

the motion to dismiss be GRANTED in part, and that Wimble's claims for injunctive relief be DISMISSED.  I further recommend that Wimble's damages claims be allowed to proceed.

## Factual Background

The facts of this case, to the extent they are set forth in the complaint, were summarized in the Court's prior Report and Recommendation and are largely repeated here.  In his complaint, Wimble claims that he has been "sitting in the Alpha Unit of Springfield Jail for 5 months.  I have had no current Drs keeping me in this seg unit.  I have been mistreated with no actual psychiatric counseling."  (Paper 5 at 3-4).  Wimble also claims that defendant Lynn Hayward has refused to allow him to return to the mental health unit, known as the "Bravo Unit," because she is afraid of him.  For relief, Wimble seeks a transfer to the Bravo Unit, money damages, Hayward's removal from her job, and placement on community release.

In a prior motion to dismiss, defendant Paul Cotton submitted an affidavit in which he stated that he and the other defendants had no power to move an inmate to the Bravo Unit, and that such power was strictly within the

purview of the Director of Classifications for the DOC. Similarly, Cotton explained, Wimble's request for release from prison is "a decision made by the Parole Board and, presumably, the Department of Corrections." (Paper 20 at 2). Cotton therefore argued for dismissal of the case due to Wimble's failure to join the DOC as a necessary party. Cotton also argued that the complaint should be dismissed for failure to exhaust the prison grievance procedure, and that the complaint was moot because Wimble is currently in "the general population in the Northern State Correctional Facility in Newport, Vermont." (Paper 20 at 3). Defendants Hayward and Stoodly joined Cotton's motion. (Paper 25).

In its ruling on the defendants' motion to dismiss, the Court agreed that Wimble's claims for injunctive relief required the addition of the DOC or the necessary DOC employees as parties. Outright dismissal was not warranted, however, since Wimble could "simply amend his complaint to add the responsible persons in the DOC as defendants. Also, the fact that Wimble is seeking damages means that the Court may order the current defendants to provide him his requested relief." (Paper

3

27 at 7). With respect to the defendants' remaining arguments, the Court ruled that these should be presented in a motion for summary judgment.

Wimble has not amended his complaint within the time period set by the Court. The Court warned Wimble that the failure to amend his complaint might result in the dismissal of his claims. Consequently, the defendants have renewed their motion to dismiss.

## Discussion

In light of Wimble's failure to amend his complaint, the Court is unable to order meaningful injunctive relief. The Court previously ruled that the DOC or certain individuals within the DOC were necessary parties because, as set forth in Rule 19 of the Federal Rules of Civil Procedure, "complete relief cannot be accorded among those already parties, . . ." Fed. R. Civ. P. 19(a)(1). If the Court dismisses Wimble's claims for injunctive relief, however, the DOC will no longer be a necessary party under Rule 19(a)(1).

Rule 19(a)(2) requires joinder of an allegedly necessary party when that party

> claims an interest relating to the subject of
> the action and is so situated that the

>     disposition of the action in the person's
>     absence may (i) as a practical matter impair or
>     impede the person's ability to protect that
>     interest or (ii) leave any of the persons
>     already parties subject to a substantial risk of
>     incurring double, multiple, or otherwise
>     inconsistent obligations by reason of the
>     claimed interest.

Fed. R. Civ. P. 19(a)(2).  The defendants have not argued for the application of this subsection.  Indeed, the Second Circuit has made clear that "it is the absent party that must 'claim an interest' for Rule 19(a)(2) purposes."  Conntech Dev. Co. v. Univ. of Connecticut Educ. Props. Inc., 102 F.3d 677, 683 (2d Cir. 1996) (quoting Peregrine Myanmar, Ltd. v. Segal, 89 F.3d 41, 49 (2d Cir. 1996)).

Moreover, it is not clear from the parties' filings that the DOC or its employees have an interest under Rule 19(a)(2) that requires protection.  The complaint claims that Wimble is not receiving adequate mental health care because he is not in the Bravo Unit.  He further implies that the defendants, and specifically defendant Hayward, impeded his ability to obtain adequate mental health care.  If this case results in a judgment against the defendants, that judgment would not be binding against the DOC, since the DOC is not currently a party.  See

Drankwater v. Miller, 830 F. Supp. 188, 193 (S.D.N.Y. 1993) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 (1979)).  Also, under Rule 19(a)(2)(ii), there is no indication that the current defendants are likely to incur additional obligations as a result of future litigation.  See Saint John Marine Co. v. United States, 1994 WL 281937, at *7 (S.D.N.Y. June 22, 1994) (citations omitted) (disregarding arguments concerning future litigation as speculative).

Because DOC defendants are not necessary under either Rule 19(a)(1) or 19(a)(2), the Court need not consider whether their absence requires dismissal under Rule 19(b).  Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir.), cert. denied, 531 U.S. 1051 (2000) ("If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b).").  Indeed, as the Court ruled previously, outright dismissal of all claims is not warranted based upon the current record.  As discussed above, Wimble is claiming that the defendants, and specifically defendant Hayward, played a role in his denial of proper mental health care.  Therefore, while

6

dismissal of Wimble's injunctive relief claims is proper in light of his failure to amend the complaint, the Court should allow his damages claims to proceed.

Conclusion

For the reasons set forth above, I recommend that the defendants' renewed motion to dismiss (Paper 29) be GRANTED in part, and that Wimble's claims for injunctive relief be DISMISSED. I further recommend that the defendants' request for complete dismissal be DENIED, and that Wimble's claims for damages be allowed to proceed.

Dated at Burlington, in the District of Vermont, this 20th day of July, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).